HENRY ADAMS v. ELIJAH BOWMAN.

*Sale of worthless paper—Evidence—Consideration.*

In an action for damages for selling to plaintiff, through a third person, a worthless note and mortgage, it is proper to lay before the jury the documents themselves if their suspicious character and the tokens of their fabrication are primary facts in the controversy.

An action for causing worthless paper to be sold to plaintiff should not be taken from the jury if there is evidence that defendant suggested and was concerned in getting up the paper ; that he purposed using it to get money ; that he let the person who made the sale have it, without consideration, in order to trade it off, and that he expected part of the proceeds.

Where a note was altered and made to correspond to a mortgage which was drawn for fraudulent purposes, and both papers were sold, and the buyer brought suit for damages against the person who caused the sale, a rule of damages was *held* correct which treated the money as paid without consideration.

Error to Kent. (Montgomery, J.) June 7.—July 2.

CASE. Defendant brings error. Affirmed.

*Henry J. Felker* and *Taggart & Wolcott* for appellant. The measure of damages for false and fraudulent representations of value is the difference between that stated and the true value : *Page v. Parker* 43 N. H. 363; *Stiles v. White* 11 Met. 356; *Hamilton v. Billingsley* 37 Mich. 107; *Page v. Wells* id. 415.

*Frank G. Holmes* for appellee.

CAMPBELL, J.  Adams sued Bowman for having, through one Nelson Bowman, sold and passed off on plaintiff a worthless note and mortgage purporting to secure $400, and to have been made by one Rebecca Shaw, wife of Sted C. Shaw.

The testimony, which was however contradictory, tended to show that on the 19th of September, 1879, plaintiff bought of Nelson Bowman the note and mortgage in question, dated February 13, 1878, and payable in one year with ten per cent. interest.  Nelson Bowman purported to hold the papers under a regular assignment from defendant describing the documents, made July 26, 1879, and recorded September 16, 1879.  The mortgage itself was recorded July 25, 1879.  Plaintiff paid $350 for the securities.  The assignment from defendant covenanted that the whole sum of $400 and interest was due.

The testimony relied on to show that defendant was the party responsible for the fraud consisted of a history of the origination of the paper, and various declarations of defendant that he had let Nelson have it to trade it off.  The showing made was, in substance, that defendant got Mrs. Shaw to execute the mortgage for the purpose of annoying or defrauding a purchaser of the land,—defendant agreeing to save her harmless and to pay her half of what he might collect on the mortgage.  The note was made up by taking an old note and changing the sum and terms of it.  The papers were very clumsily drawn, but the mortgage was recorded, so that the record did not show its peculiarities, and the note as altered corresponded precisely with the mortgage.

The court charged the jury sufficiently upon the question whether the plaintiff was careful enough in the purchase of the papers; and while there are several matters which were open to comment, the facts were for the jury who have found in his favor.  The testimony was also directly conflicting on important points, but that also the jury have disposed of.

We can see no reason why it was not proper to lay before the jury the documents themselves out of which the fraud arose. Their suspicious character, and the ear-marks of fabrication, were among the primary facts of the controversy.

Neither do we think the court could rightly be asked to direct a verdict for defendant, or take the case from the jury. There was full and positive evidence that he was concerned in and suggested the getting up of the paper and that he purposed to use it for getting money out of somebody. There was evidence that he let Nelson have it without consideration for the purpose of trading it off, and expected some part, at least, of the proceeds. The testimony authorized an inference that Nelson was acting for him and under his procurement. The conclusions of the jury on the dispute cannot be disturbed.

As the note was a mere nullity, the rule of damages which treated the money paid for it as paid without consideration, was correct. The mortgage was invalid without the note, and this note was not shown by any testimony to have been given with it.

We have not deemed it necessary to take up the assignments of error singly. What we have said disposes of all the material questions presented to us. The charges of the court were carefully guarded, and we find no error in the record.

The judgment must be affirmed with costs.

The other Justices concurred.